Michael Faillace [MF-8436]
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------X
EFRAIN BATEN PEREZ , *individually and on*
*behalf of others similarly situated,*

                    *Plaintiff,*

              -against-

AK CAFÉ OF NEW YORK LLC
(d/b/a BABYLON HOOKAH
LOUNGE), ALI BABA'S TERRACE
INC. (D/B/A ALI BABA'S
TERRACE), ALI BABA'S TURKISH
CUISINE INC. (D/B/A ALI BABA'S
TURKISH CUISINE) , and ALI RIZA
DOGAN,

                  *Defendants.*

------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION**
**UNDER 29 U.S.C. § 216(b)**

**ECF Case**

    Plaintiff Efrain Baten Perez ("Plaintiff Perez" or "Mr. Perez"), individually and on behalf

of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C.,

upon information and belief, and as against each of defendants Ak Cafe of New York LLC (d/b/a

Babylon Hookah Lounge), Ali Baba's Terrace Inc. (d/b/a Ali Baba's Terrace), Ali Baba's

Turkish Cuisine Inc. (d/b/a Ali Baba's Turkish Cuisine) ("Defendant Corporations") and Ali

Riza Dogan (collectively, "Defendants"), alleges as follows:

**NATURE OF ACTION**

1.     Plaintiff Perez is a former employee of Defendants Ak Cafe of New York LLC (d/b/a Babylon Hookah Lounge), Ali Baba's Terrace Inc. (d/b/a Ali Baba's Terrace), Ali Baba's Turkish Cuisine Inc. (d/b/a Ali Baba's Turkish Cuisine) and Ali Riza Dogan.

2.     Babylon Hookah Lounge is a bar/restaurant owned by Ali Riza Dogan, located at 208 E 34th St, New York, NY 10016.

3.     Ali Baba's Terrace Inc. is a restaurant owned by Ali Riza Dogan, located at 862 2nd Ave New York, NY 10017.

4.     Ali Baba's Turkish Cuisine was a restaurant owned by Ali Riza Dogan that was located at 212 E 34th St, New York, NY 10016.

5.     Upon information and belief, Defendant Ali Riza Dogan serves or served as owner, manager, principal or agent of Defendant Corporations and through these corporate entities operates the bar/restaurants.

6.     Plaintiff Perez is a former employee of Defendants.

7.     Plaintiff Perez was employed as a kitchen helper and dishwasher and ostensibly as a delivery worker. However, in actuality his duties included a significant amount of time spent performing non-delivery, non,-tipped functions such as preparing food, frying food, washing dishes,  stocking deliveries in the basement, stocking freezers, cleaning the kitchen, the dining room, walls, ceiling and the bathroom, sweeping and mopping and taking out the trash(hereinafter, "non-delivery, non-tip duties").

8.     At all times relevant to this Complaint, Plaintiff Perez worked for Defendants in excess of 40 hours per week, without receiving the applicable minimum wage or appropriate compensation for the hours over 40 per week that he worked.

9.      Rather, Defendants failed to maintain accurate recordkeeping of his hours worked, failed to pay Plaintiff Perez the applicable minimum wage, and failed to pay him appropriately for any hours worked over 40, either at the straight rate of pay or for any additional overtime premium.

10.     Further, Defendants failed to pay Plaintiff Perez the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

11.     Defendants employed and accounted for Plaintiff Perez as a tipped-employee, but in actuality his duties included a significant amount of time spent performing the non-delivery, non-tipped functions such as those alleged above.

12.     At all relevant times, regardless of duties, Defendants paid Plaintiff Perez and all other tipped-workers at a rate that was lower than either the required minimum wage rate or the tip-credited rate.

13.     However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Perez's non-tipped duties exceeded 20% of each workday, or 2 hours per day (whichever was less in each day) (12 N.Y.C.R.R. § 146).

14.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Perez's actual duties in payroll records to avoid paying Plaintiff Perez at the minimum wage rate, and to enable them to pay Plaintiff Perez at the lower tip-credited rate (which they still failed to do), by designating him as a tipped-employee instead of a non-tipped employee.

15.     Defendants' conduct extended beyond Plaintiff Perez to all other similarly situated employees.

3

16.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Perez and other employees to work in excess of forty (40) hours per week without providing them the minimum wage and overtime compensation required by federal and state law and regulations.

17.     Plaintiff Perez now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law ("NYLL") §§190 and 650 *et seq.*, and "overtime wage order" respectively codified at N.Y.C.R.R. Tit. 12 § 146, and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

18.     Plaintiff Perez seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

19.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Perez's state law claims is conferred by 28 U.S.C. § 1367(a).

20.     Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district,

Defendants operate their business in this district, and Plaintiff Perez was employed by Defendants in this district.

## PARTIES

### *Plaintiff*

21.     Plaintiff Efrain Baten Perez is an adult individual residing in New York County, New York.

22.     Plaintiff Perez was employed by Defendants from approximately 2005 until on or about July 1, 2017.

23.     Plaintiff Perez consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

### *Defendants*

24.     At all times relevant to this complaint, Defendants own, operate, and/or control a bar/restaurant located at 208 E 34th St, New York, NY 10016 under the name "Babylon Hookah Lounge" and a restaurant located at 862 2nd Ave, New York, NY 10017 under the name "Ali Baba's Terrace" .

25.     At all times relevant to this complaint, Defendants owned, operated, and/or controlled a restaurant located at 212 E34th St., New York, NY 10017 under the name "Ali Baba's Turkish Cuisine".

26.     Upon information and belief, Ak Cafe of New York LLC (d/b/a Babylon Hookah Lounge), is a corporation organized and existing under the laws of the State of New York. Upon

5

information and belief, it maintains its principal place of business at 208 E 34th St, New York , NY 10016

27.     Upon information and belief, Ali Baba's Terrace Inc. (d/b/a Ali Baba's Terrace) is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 862 2nd Ave, New York, NY 10017.

28.     Upon information and belief, Ali Baba's Turkish Cuisine Inc. (d/b/a Ali Baba's Turkish Cuisine) is a corporation organized under the laws of the State of New York. Upon information and belief, it maintained its principal place of business at 212 E. 34th St., New York, NY 10016.

29.     Defendant Ali Riza Dogan is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Ali Riza Dogan is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations.

30.     Defendant Ali Riza Dogan possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations.

31.     Defendant Ali Riza Dogan determined the wages and compensation of the employees of Defendants, including Plaintiff Perez, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS
*Defendants Constitute Joint Employers*

6

32.     Defendants operate a bar/restaurant located at 208 E 34th St, New York, NY 10016 under the name Babylon Hookah Lounge and a restaurant located at 862 2nd Ave, New York, NY 10017 under the name Ali Baba's Terrace.

33.     Defendants operated a restaurant located at 212 E 34th St, New York, NY 10016 under the name Ali Baba's Turkish Cuisine.

34.      Individual Defendant Ali Riza Dogan possesses operational control over Defendant Corporations, possesses an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations.

35.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

36.     Each Defendant possessed substantial control over Plaintiff Perez's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Perez, and all similarly situated individuals, referred to herein.

37.     Defendants jointly employed Plaintiff Perez, and all similarly situated individuals, and are Plaintiff Perez's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

38.     In the alternative, Defendants constituted a single employer of Plaintiff Perez and/or similarly situated individuals.

7

39.     Upon information and belief, individual defendant Ali Riza Dogan operates Defendant Corporations as either alter egos of himself, and/or fails to operate Defendant Corporations as legal entities separate and apart from himself by, among other things:

(a)     failing to adhere to the corporate formalities necessary to operate Defendant Corporations as  separate and legally distinct entities;

(b)     defectively forming or maintaining Defendant Corporations by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

(c)     transferring assets and debts freely as between all Defendants;

(d)     operating Defendant Corporations for his own benefit as the sole or majority shareholder;

(e)     operating Defendant Corporations for his own benefit and maintaining control over them as a closed corporations or closely controlled entities;

(f)     intermingling assets and debts of his own with Defendant Corporations;

(g)     diminishing and/or transferring assets of Defendant Corporations to protect his own interests; and

(h)     other actions evincing a failure to adhere to the corporate form.

40.     At all relevant times, Defendants were Plaintiff Perez's employers within the meaning of the FLSA and NYLL.

41.     Defendants had the power to hire and fire Plaintiff Perez, controlled the terms and conditions of his employment, and determined the rate and method of any compensation in exchange for Plaintiff Perez's services.

42.    In each year from 2011 to 2017, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

43.    In addition, upon information and belief, Defendants and/or their enterprises were directly engaged in interstate commerce. For example, numerous items that were used in the bar/restaurant and the restaurant on a daily basis, such as cleaning liquids and instruments, were produced outside of the State of New York.

*Individual Plaintiff*

44.    Plaintiff Perez is a former employee of Defendants, employed in performing the duties of kitchen assistant and dishwasher and ostensibly employed as a delivery worker, but who spent more than 20% of the time he worked each day performing the non-delivery, non-tip duties outlined above.

45.    Plaintiff Perez seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Efrain Baten Perez*

46.    Plaintiff Perez was employed by Defendants from approximately 2005 until on or about July 1, 2017.

47.    At all relevant times, Plaintiff Perez was employed by Defendants as a food preparer, dishwasher and ostensibly as a delivery worker.

48.    However, when employed as a delivery worker, Plaintiff Perez was also required to spend a significant portion of his work day performing the non-tipped, non-delivery duties described above.

9

49.     Although Plaintiff Perez was ostensibly employed as a delivery worker, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

50.     Plaintiff Perez regularly handled goods in interstate commerce, such as cleaning liquids and cleaning instruments produced outside of the State of New York.

51.      Plaintiff Perez's work duties required neither discretion nor independent judgment.

52.     Throughout his employment with Defendants, Plaintiff Perez regularly worked in excess of 40 hours per week.

53.     From approximately July 2011 until on or about May 2012, Plaintiff Perez worked as a food preparer at Ali Baba's Turkish Cuisine, from approximately 11:00 a.m. until on or about 11:00 p.m. Mondays, Tuesdays, Fridays, Saturdays , and Sundays and from approximately 9:00 a.m. until on or about 9:00 p.m. on Thursdays (typically 72 hours per week).

54.     From approximately June 2012 until on or about October 2014, Plaintiff Perez worked as a dishwasher/delivery worker at Ali Baba's Terrace, from approximately 11:00 a.m. until on or about 11:00 p.m. Mondays, Tuesdays, Fridays, Saturdays , and Sundays and from approximately 9:00 a.m. until on or about 9:00 p.m. on Thursdays (typically 72 hours per week).

55.      From approximately November 2014 until on or about July 2017, Plaintiff Perez worked as a food preparer at Babylon Hookah Lounge, from approximately 2:00 p.m. until on or about 2:00 a.m. or 3:00 a.m. on Tuesdays, from approximately 4:00 p.m. until on or about 4:00 a.m. Wednesdays, Thursdays and Sundays and from approximately 3:00 p.m. until on or about 3:00 a.m. Fridays and Saturdays (typically 72.5 hours per week).

56.    Throughout his employment with defendants, Plaintiff Perez was paid his wages in cash.

57.    From approximately July 2011 until on or about May 2012, Defendants paid Plaintiff Perez a fixed salary of $500 per week.

58.    From approximately June 2012 until on or about May 2013, Defendants paid Plaintiff Perez a fixed salary of $450 per week.

59.    From approximately June 2013 until on or about May 2016, Defendants paid Plaintiff Perez a fixed salary of $475 per week.

60.    From approximately June 2016 until on or about December 2016, Defendants paid Plaintiff Perez a fixed salary of $550 per week.

61.    From approximately January 2017 until on or about July 2017, defendants paid Plaintiff Perez a fixed salary of $600 per week.

62.    Plaintiff Perez's salary did not vary regardless of how many additional hours he worked in a week.

63.    For example, Defendants regularly required Plaintiff Perez to continue working 30 minutes or one hour past his regular departure time, without paying him any additional compensation.

64.    Plaintiff Perez was never notified by Defendants that his tips would be included as an offset for wages.

65.    Defendants did not account for these tips in any daily, weekly or other accounting of Plaintiff Perez's wages.

66.     Defendants did not provide Plaintiff Perez with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

67.     Plaintiff Perez was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device, such as a time clock or punch cards, that accurately reflected his actual hours worked.

68.     Defendants never provided Plaintiff Perez with a written notice, in English and in Spanish (Plaintiff Perez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

69.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Perez regarding overtime and wages under the FLSA and NYLL.

70.     Defendants required Plaintiff Perez to purchase "tools of the trade" with his own funds—including work shoes.

*Defendants' General Employment Practices*

71.     Defendants regularly required their employees, including Plaintiff Perez, to work in excess of forty (40) hours per week without paying them the proper minimum wage, overtime, or Spread of Hours compensation.

72.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Perez (and all similarly situated employees) to work in excess of forty (40) hours per week without paying him appropriate minimum wage and/or overtime compensation, as required by federal and state laws.

73.    Defendants' pay practices resulted in Plaintiff Perez not receiving payment for all his hours worked, resulting in Plaintiff Perez's effective rate of pay falling below the required minimum wage rate.

74.    Defendants habitually required their employees, including Plaintiff Perez, to work additional hours beyond their regular shifts, but did not provide them with any additional compensation.

75.    At no time did Defendants inform their employees, including Plaintiff Perez, that they had reduced their hourly wages by a tip allowance.

76.    Defendants failed to inform Plaintiff Perez that they intended to take a deduction against his earned wages for tip income, as required by the NYLL before any deduction may be taken.

77.    Defendants failed to inform Plaintiff Perez that his tips would be credited towards the payment of the minimum wage.

78.    Defendants failed to maintain a record of tips earned by Plaintiff Perez for his work as a delivery worker.

79.    Defendants required Plaintiff Perez, and all other tipped-employees, to perform general non-delivery, non-tipped tasks in addition to their primary duties as tipped workers.

80.    Plaintiff Perez and all other similarly situated employees, were employed ostensibly as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing non-tipped duties.

81.    At all relevant times, Plaintiff Perez and all other tipped workers were not even paid at either the required minimum wage or the lower tip-credit rate by Defendants; however,

under state law Defendants were not entitled to a tip credit because Plaintiff Perez's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever was less) (12 N.Y.C.R.R. § 146).

82.     New York State regulations provide that an employee cannot be classified as a tipped employee "on any day . . . in which he has been assigned to work in an occupation in which tips are not customarily received."  (12 N.Y.C.R.R. §§137-3.3 and 137-3.4).  Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

83.     The delivery workers', including Plaintiff Perez's , duties were not incidental to their occupation as delivery workers, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

84.     In violation of federal and state law as codified above, Defendants classified Plaintiff Perez and other delivery workers as tipped employees, but did not even pay them at the tip-credited rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

85.     Defendants willfully disregarded and purposefully evaded record keeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

86.     By employing these practices, Defendants avoided paying Plaintiff Perez the minimum wage for his regular hours and overtime compensation of time and a half for all of his hours worked in excess of forty (40) hours per week.

87.    Defendants failed to post required wage and hour posters in the bar/restaurant, and did not provide Plaintiff Perez with statutorily required wage and hour records or statements of his pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff Perez's relative lack of sophistication in wage and hour laws.

88.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Perez (and similarly situated individuals) worked, and to avoid paying Plaintiff Perez properly for (1) his full hours worked, (2) the minimum wage, (3) spread of hours pay and (4) for overtime due.

89.    Defendants failed to provide Plaintiff Perez and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

90.    Defendants failed to provide Plaintiff Perez and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language of Spanish, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as"

names used by the employer; the physical address of the employer's main office or principal

place of business, and a mailing address if different; and the telephone number of the employer,

as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

91.    Plaintiff Perez brings his FLSA minimum wage, overtime compensation, and

liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. §

216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or

any of them, on or after the date that is three years before the filing of the complaint in his case

(the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

92.    At all relevant times, Plaintiff Perez and other members of the FLSA Class who

are and/or have been similarly situated, have had substantially similar job requirements and pay

provisions, and have been subject to Defendants' common practices, policies, programs,

procedures, protocols and plans of willfully failing and refusing to pay them the required

minimum wage, overtime pay of one and one-half times his regular rates for work in excess of

forty (40) hours per workweek under the FLSA, and other improper credits against Plaintiff

Perez's wages for which Defendants did not qualify under the FLSA, and willfully failing to

keep records required by the FLSA.

93.    The claims of Plaintiff Perez stated herein are similar to those of the other

employees.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS

94.    Plaintiff Perez repeats and realleges all paragraphs above as though fully set forth

herein.

95.    At all times relevant to this action, Defendants were Plaintiff Perez's  employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Perez (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

96.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

97.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

98.    Defendants failed to pay Plaintiff Perez (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

99.    Defendants' failure to pay Plaintiff Perez (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

100.    Plaintiff Perez (and the FLSA Class members) were damaged in an amount to be determined at trial.

<u>SECOND CAUSE OF ACTION</u>
**VIOLATION OF THE FLSA OVERTIME PROVISIONS**

101.    Plaintiff Perez repeats and realleges all paragraphs above as though fully set forth herein.

102.    At all times relevant to this action, Defendants were Plaintiff Perez's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Perez (and

17

the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

103.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

104.    Defendants constituted an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

105.    Defendants, in violation of 29 U.S.C. § 207 (a)(1) of the FLSA, failed to pay Plaintiff Perez (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

106.    Defendants' failure to pay Plaintiff Perez (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

107.    Plaintiff Perez (and the FLSA Class members) were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### VIOLATION OF THE NEW YORK MINIMUM WAGE RATE

108.    Plaintiff Perez repeats and realleges all paragraphs above as though fully set forth herein.

109.    At all times relevant to this action, Defendants were Plaintiff Perez's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Perez (and the FLSA Class members), controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

110.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Perez (and the FLSA Class members) less than the minimum wage.

111.    Defendants' failure to pay Plaintiff Perez (and the FLSA Class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

112.    Plaintiff Perez (and the FLSA Class Members) were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
## VIOLATION OF THE NEW YORK STATE
## LABOR LAW'S OVERTIME PROVISIONS

113.    Plaintiff Perez repeats and realleges all paragraphs above as though fully set forth herein.

114.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Perez (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

115.    Defendants' failure to pay Plaintiff Perez (and the FLSA Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

116.     Plaintiff Perez (and the FLSA Class Members) were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER
## OF THE NEW YORK COMMISSIONER OF LABOR

117.    Plaintiff Perez repeats and re-alleges all paragraphs above as though fully set forth herein.

118.    Defendants failed to pay Plaintiff Perez (and the FLSA Class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Perez's spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq.*, and 650 *et seq.*, and the wage order of the New York Commissioner of Labor codified at N.Y. Comp. Codes R. & Regs. Tit. 12, § 137-1.6.

119.    Defendants' failure to pay Plaintiff Perez (and the FLSA Class members) an additional hour's pay for each day Plaintiff Perez's (and the FLSA Class members) spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

120.    Plaintiff Perez (and the FLSA Class members) were damaged in an amount to be determined at trial.

<u>SIXTH CAUSE OF ACTION</u>
**VIOLATION OF THE NOTICE AND RECORDKEEPING
REQUIREMENTS OF THE NEW YORK LABOR LAW**

121.    Plaintiff Perez repeats and realleges all paragraphs above as though fully set forth herein.

122.    Defendants failed to provide Plaintiff Perez with a written notice, in English and in Spanish (Plaintiff Perez's  primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

123.    Defendants are liable to Plaintiff Perez in the amount of $5,000, together with costs and attorneys' fees.

<u>SEVENTH CAUSE OF ACTION</u>
**VIOLATION OF THE WAGE STATEMENT PROVISIONS**

20

## OF THE NEW YORK LABOR LAW

124.    Plaintiff Perez repeats and realleges all paragraphs above as though set forth fully herein.

125.    Defendants did not provide Plaintiff Perez with a statement of wages with each payment of wages, as required by NYLL 195(3).

126.    Defendants are liable to Plaintiff Perez in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION
### (RECOVERY OF EQUIPMENT COSTS)

127.    Plaintiff Perez repeats and re-alleges all paragraphs above as though set forth fully herein.

128.    Defendants required Plaintiff Perez to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, such as work pants and shoes, further reducing his wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

129.    Plaintiff Perez was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Perez respectfully requests that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

21

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Perez and the FLSA class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Perez and the FLSA class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Perez's, and the FLSA class members', compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Perez and the FLSA class members;

(f)     Awarding Plaintiff Perez and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

(g)     Awarding Plaintiff Perez and the FLSA class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Perez and the members of the FLSA Class;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and

22

orders promulgated under, the NYLL as to Plaintiff Perez and the members of the FLSA Class;

(j)     Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Perez and the members of the FLSA Class;

(k)     Declaring that Defendants violated the notice, recordkeeping, and wage statement requirements of the NYLL with respect to Plaintiff Perez's, and the FLSA Class members', compensation, hours, wages; and any deductions or credits taken against wages;

(l)     Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff Perez's, and the FLSA Class members', compensation, hours, wages; and any deductions or credits taken against wages;

(m)     Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Perez and the FLSA Class members;

(n)     Awarding Plaintiff Perez and the FLSA class members damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages as well as awarding spread of hours pay under the NYLL as applicable;

(o)     Awarding Plaintiff Perez damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p)     Awarding Plaintiff Perez and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the minimum wage, spread of hours pay and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(q)     Awarding Plaintiff Perez and the FLSA class members pre-judgment and post-judgment interest as applicable;

(r)      Awarding Plaintiff Perez and the FLSA class members the expenses incurred in this action, including costs and attorneys' fees;

(s)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t)      All such other and further relief as the Court deems just and proper.

JURY DEMAND

Plaintiff Perez demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
      August 4, 2017

MICHAEL FAILLACE & ASSOCIATES, P.C.

_____/s/ Michael Faillace_____
By:   Michael A. Faillace [MF-8436]
      60 East 42nd Street, Suite 2540
      New York, New York 10165
      (212) 317-1200
      *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2540
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

_____

Faillace@employmentcompliance.com

July 26, 2017

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Efrain Baten Perez

Legal Representative / Abogado:         Michael Faillace & Associates, P.C.

Signature / Firma:                      _Ruben Efrain Baten Perez_

Date / Fecha:                           26 de julio de 2017