UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

EFRAIN BATEN PEREZ, individually and
on behalf of others similarly situated,

        Plaintiff(s),

   -v-                                                                  No.  17 CV 5931-LTS-DCF

AK CAFÉ OF NEW YORK LLC (D/B/A
BABYLON HOOKAH LOUNGE), ALI
BABA'S TERRACE INC. (D/B/A ALI
BABA'S TERRACE), ALI BABA'S
TURKISH CUISINE INC. (D/B/A ALI
BABA'S TURKISH CUISINE, and ALI
RIZA DOGAN,

        Defendants.

-------------------------------------------------------x

## MEMORANDUM ORDER

        Plaintiff Efrain Baten Perez ("Plaintiff") brings this putative class action against Defendants Ali Baba's Turkish Cuisine Inc. (the "Cuisine"), Ali Baba's Terrace Inc. (the "Terrace"), Ak Café of New York LLC (the "Café"), and Ali Riza Dogan (the "Defendant" or "Dogan") alleging that he was not paid the applicable minimum wage or overtime compensation, in violation of the Fair Labor Standards Act (the "FLSA") or the New York Labor Law (the "NYLL"); was not paid spread of hours, in violation of the NYLL; and was not provided with compliant Wage Notices or Wage Statements, in violation of the New York Wage Theft Prevention Act (NYWTPA).[1]  (See docket entry no. 1, the "Compl.")  Dogan moves for partial

---

[1] Plaintiff also initially alleged that he was required to purchase, without reimbursement, various "tools of the trade," in violation of the FLSA and the NYLL. See Compl. at ¶¶ 127-29.  Plaintiff agreed to voluntarily withdraw this claim. (See docket entry no. 55 at 1.)

summary judgment as to all claims, to the extent that they cover the period of time that Plaintiff worked at the Café, arguing that Dogan cannot be held individually liable as Plaintiff's employer under the FLSA and the NYLL during the time that Plaintiff worked at the Café.  (See docket entry no. 55, the "Motion".)

The Court has subject matter jurisdiction of this action pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1531, and 28 U.S.C. § 1331.  The Court has considered carefully the parties' submissions filed in connection with the Motion and, for the following reasons, Dogan's motion for partial summary judgment is granted.

## BACKGROUND[2]

The following facts are undisputed.  Plaintiff was employed as a food preparer by the Café from November 2014 to July 2017.  (Compl. at ¶ 55; docket entry no. 23, the "Answer" at ¶ 55; Docket entry no. 56, "Dogan Rule 56.1 Stmt." at ¶ 1.)  Dogan is a 50% owner of the Café with his partner Mehmet Akcetin ("Akcetin").  (Dogan Rule 56.1 Stmt. at ¶ 2.)  Dogan transferred Plaintiff from working at the Terrace to work at the Café.  (Docket entry no. 62, "Plaintiff Dec." at ¶ 4.)  Dogan was usually present at the Café on two to three occasions each week.  (Docket entry no. 55 Ex. B, "Dogan Dep. Tr." at 20:20-21:3.)  Dogan would work at a shared computer in the kitchen at the Café when he was there, view surveillance video at the Café, and walk around the restaurant and observe the work of employees.  (Plaintiff Dec. at ¶ 6; Dogan Dep. Tr. at 21:4-20.)  Dogan has instructed Plaintiff to complete tasks such as cleaning the bathroom or kitchen and carrying boxes.  (Plaintiff Dec. at ¶ 6.)

---

[2] The facts recited herein as undisputed are identified as such in the parties' statements pursuant to S.D.N.Y. Local Civil Rule 56.1 or drawn from evidence as to which there is no nonconclusory factual proffer.  Citations to any Local Civil Rule 56.1 Statements incorporate by reference the parties' undisputed citations to the underlying evidentiary submissions.

Dogan's partner Akcetin handled the management of the Café and was solely responsible for hiring its manager, Ercan.  (Dogan Dep. Tr. at 20:7-14; Dogan Rule 56.1 Stmt. at ¶¶ 13-17.)  Ercan handled the payroll for the Café along with another employee, and his responsibilities included "recruitment; firing; laying off; taking orders; customer satisfaction; taking care of the place in general if there is something needed; [and determining] the schedules."  (Dogan Rule 56.1 Stmt. at ¶¶ 16-17.)  Dogan did not have any involvement in managing the Café, which he entrusted to Akcetin and Ercan.  (Dogan Dep. Tr. at 20:7-9.)  For example, Dogan did not have any involvement in determining the layout of the restaurant, determining the hours of operation at the Café or how many employees are needed to work at the Café, hiring and firing employees, setting employee schedules, managing payroll at the Café, and hiring the manager of the Café.  (Dogan Rule 56.1 Stmt. at ¶¶ 3-18.)  Dogan and Akcetin together decided to transform the Café to a hookah lounge and chose the types of items that would be sold at the hookah lounge.  (Dogan Dep. Tr. at 23:12-23.)

## DISCUSSION

Dogan argues that he is entitled to summary judgment as to all claims to the extent they cover the time that the Plaintiff worked at the Café because there is no evidence from which Plaintiff can establish Dogan's individual liability as an employer under FLSA or NYLL.  Summary judgment is to be granted in favor of a moving party where that party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Material facts are those that "might affect the outcome of the suit under the governing law," and there is a genuine dispute where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Rojas v. Roman Catholic Diocese of Rochester, 660 F.3d 98, 104 (2d Cir. 2011) (internal citations and quotations

omitted). This includes FLSA and NYLL wage and hour cases where, as here, "the parties do not dispute the material facts." Meyer v. United States Tennis Ass'n, No. 11-6268, 2014 U.S. Dist. LEXIS 128209, at *17 (S.D.N.Y. Sept. 11, 2014). In evaluating a motion for summary judgment, a court must "construe all evidence in the light most favorable to the nonmoving party, drawing all inferences and resolving all ambiguities in its favor." Dickerson v. Napolitano, 604 F.3d 732, 740 (2d Cir. 2010).

The FLSA defines an employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee . . ." 29 U.C.S. § 203(a). The analysis of whether someone is an employer under the NYLL is the same as under the FLSA. See Yu Y. Ho v. Sim Enterprises, Inc., No. 11 CIV. 2855 PKC, 2014 WL 1998237, at *10 (S.D.N.Y. May 14, 2014.) "Ownership, or a stake in a company, is insufficient to establish that an individual is an 'employer' without some involvement in the company's employment of the employees." Irizzarry v. Catsimatidis, 722 F.3d 99, 111 (2d Cir. 2013). When deciding whether an individual is an employer under FLSA or NYLL, courts look to a four-factor "economic reality test" to determine whether this definition has been met—namely "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." Id. at 104-05. None of these factors alone is dispositive; the test encompasses the totality of circumstances. See Herman v. RSR Sec. Servs., 172 F.3d 132, 139 (2d Cir. 1999). The Second Circuit has noted that, in this Circuit, individuals have been found liable as employers under the FLSA and NYLL where the plaintiff alleges that the individual had "control over a company's actual 'operations' in a manner that relates to a plaintiff's employment" as opposed to mere operational control of the company; "some degree of

individual involvement in a company in a manner that affects employment-related factors such as workplace conditions and operations, personnel, or compensation" is required to establish the alleged employer's liability. Irizarry, 722 F.3d at 109.

        Dogan argues that, under the economic reality test, the evidence supports the conclusion that he did not qualify as Plaintiff's employer while Plaintiff worked at the Café because Dogan did not have any operational control over the Café. Although Dogan was a 50% owner of the restaurant, his partner Akcetin and Ercan, the manager at the Café, were the ones who handled the day-to-day operations of the restaurant, including hiring and firing employees. Dogan visited the Café two to three times a week and was not involved with any management responsibilities, such as setting wages, managing payroll, supervising employees, determining recordkeeping procedures, or otherwise handling the operations of the Café in any capacity. Such facts, which are uncontroverted, illustrate Dogan's lack of individual involvement in the Café in a manner that affected the nature of Plaintiff's employment.

        Plaintiff argues that Dogan exerted sufficient operational control over the Café primarily because he would instruct Plaintiff to do tasks, such as cleaning the bathroom or kitchen and carrying boxes, and made business decisions for the Café. As support for his assertions that Dogan assigned him tasks, Plaintiff points to a declaration that he submitted in connection with his opposition to the instant motion. However, Plaintiff does not proffer any evidence regarding the frequency of Dogan's instructions to Plaintiff to complete tasks at the Café, or the context within which Dogan assigned such tasks to Plaintiff. Without such evidence, no genuine issue of fact exists with respect to whether Dogan exerted "operational control" over the Café and its employees.

Additionally, Plaintiff argues that Dogan qualifies as an employer under the FLSA and NYLL based on Dogan's testimony that he and Akcetin determined together to transform the Café into a hookah lounge and decided what types of items would be available and sold at the hookah lounge.  Such business decisions made by an owner are, however, insufficient to establish his individual liability as an employer with "control over a company's actual 'operations' in a manner that relates to a plaintiff's employment."  Irizarry, 722 F.3d at 109 ("Evidence that an individual is an owner or officer of a company, or otherwise makes corporate decisions that have nothing to do with an employee's function, is insufficient to demonstrate 'employer' status.")  Indeed, even mere "authority to hire and fire, set wages and managerial practices and sell the restaurant" is insufficient to establish liability where the alleged employer did not have operational control over the employee's employment or some "individual involvement" in a company.  Garcia v. Vill, Red. Rest. Corp., 2017 U.S. Dist. LEXIS 69965, *10 (S.D.N.Y. 2017).

Indeed, Plaintiff "has provided no facts showing that [Dogan] ever exercised operational authority over the restaurant or indirectly influenced the employees' terms of employment.  There is no evidence that [Dogan] instructed [Akcetin or Ercan] how to run the restaurant. . . It is apparent that he did not influence the employees' wages, work hours, or conditions, nor did [he] affect who was hired or fired."  Id.  Plaintiff's vague and conclusory assertions regarding Dogan's role in the business are insufficient to frame a genuine issue of material fact as to whether Dogan was his employer within the meaning of the FLSA or NYLL during the time that Plaintiff worked at the Café.

CONCLUSION

For the foregoing reasons, Defendant Dogan's motion for partial summary judgment is granted. Plaintiff's claims against Dogan relating to the period in which Plaintiff worked at the Café are dismissed in their entirety. This case remains referred to Magistrate Judge Freeman for general pre-trial management.

This Memorandum Order resolves docket entry no. 54.

SO ORDERED.

Dated: New York, New York
August 6, 2021

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge